**RESEARCH EQUITY FUND, INC., Appellant,**

v.

**The INSURANCE COMPANY OF NORTH AMERICA, Appellee.**

**No. 77–2466.**

United States Court of Appeals, Ninth Circuit.

May 31, 1979.

Rehearing Denied July 11, 1979.

---

Sharon L. Wright, Swaner, Leslie & Deriman (argued), San Francisco, Cal., on brief; Nicholas Deriman, San Francisco, Cal., for appellant.

Paul H. Cyril, Bronson, Bronson & McKinnon, San Francisco, Cal., on brief; Fred C. Aldridge, Jr., Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for appellee.

Before WRIGHT and KILKENNY, Circuit Judges, and PFAELZER,* District Judge.

PER CURIAM:

On December 27, 1976, Appellant INA received from Appellee WGF a document in a case related to the present one which stated that judgment in this case had been entered on December 17, 1976. That same day, INA's counsel called the clerk to confirm that the judgment had been entered and the clerk mistakenly informed counsel that it had not. On January 14, 1977, INA received a notice of appeal from the judgment. INA again called the clerk who, for the first time, informed INA that the judgment was entered on December 17, 1976. Three days later, on January 17, 1977, INA filed its cost bill.

After a hearing, the District Court concluded that, despite the misinformation supplied to Appellant by the clerk's office, Appellant had received actual notice of the entry of judgment on December 27, 1976. Its cost bill, therefore, was filed well beyond the five day period allowed by Rule 124(a) [1] of the Local Rules of Practice of the United States District Court for the Northern District of California and INA's costs of the action were thus denied.

The clerk of the court is the ultimate authority regarding entries on the court's docket. If a party is informed by the clerk

* Of the Central District of California.

1. On August 1, 1977, Local Rule 124(a) was replaced by Local Rule 265–2 which allows 10

that judgment has not been entered, he is justified in relying on that information. Thus, while actual notice of the date of judgment may be communicated from a source other than the court clerk, the District Court's conclusion that INA received actual notice in this case was incorrect since the notice received by INA was controverted by the clerk.

The decision of the District Court is reversed and the matter is remanded for a hearing on the cost bill.

Reversed.

days from notice of entry of judgment to serve and file a cost bill.